

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

LOGAN & KANAWHA COAL CO., LLC,
A WEST VIRGINIA LIMITED LIABILITY COMPANY,

    PLAINTIFF,

V.                                        CIVIL ACTION NO. 2:11-0342

DETHERAGE COAL SALES, LLC
A KENTUCKY LIMITED LIABILITY COMPANY,

    DEFENDANT.

## MEMORANDUM IN SUPPORT OF MOTION TO CONFIRM ARBITRATION AWARD

Logan & Kanawha Coal Co., LLC ("L&K"), by counsel, respectfully submits this memorandum in support of its motion pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et. seq.*, to confirm the arbitration award issued in its favor against Detherage Coal Sales, LLC ("Detherage Coal") on April 21, 2011, and entry of judgment upon the award in the amount of $2,724,719.50 plus L&K's reasonable attorneys' fees, as specified in the award.

### 1. BACKGROUND

L&K initiated the underlying arbitration alleging that Detherage Coal breached a contract to supply coal to L&K. (Ex. C, Arbitration Award, p. 2).[1] Detherage Coal agreed to sell 7,000 tons of metallurgical coal per month for six months. (*Id.* at p. 2). Rather than meet its contractual obligations, Detherage Coal took advantage of increasing market prices for metallurgical coal and sold its coal elsewhere. (*Id.* at p. 2). Detherage Coal delivered only 6% of the coal required

---

[1] Exhibits referenced in this Memorandum in Support of Motion to Confirm Arbitration Award are found in the appendix to L&K's Motion to Confirm Arbitration Award. *See* 9 U.S.C. § 13.

under the contract. (*Id.* at p. 2). As a result of Detherage Coal's breach, L&K was forced to purchase coal at substantially higher prices than the contract price. (*Id.* at p. 5-6).

Incorporated into the coal sale contract between L&K and Detherage Coal was a provision requiring that all disputes be settled through arbitration. (Ex. A, Coal Sale Agreement, p. 3). In accordance with that provision, and to resolve the dispute between these parties, an arbitration hearing was held in Charleston, West Virginia on March 16, 2011, pursuant to the American Arbitration Association's (AAA) Rules for Commercial Arbitration. (Ex. C at p. 2). On April 21, 2011, a majority of the arbitration panel appointed by L&K and Detherage Coal concluded the arbitration by issuing an award requiring Detherage Coal to pay L&K $11,450 for administrative costs, $7,269.50 for the neutral arbitrator's fees and expenses, $2,706,000 for L&K's proven damages plus L&K's reasonable attorneys' fees. (*Id.* at p. 6). To enforce the terms of the award, L&K petitions for confirmation of the award and entry of judgment thereon.

## 2. JURISDICTION

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the plaintiff and the defendant and the amount in controversy exceeds $75,000. Detherage Coal has its principal place of business and headquarters in Hazard, Kentucky. (Ex. E, Kentucky Secretary of State Business Information). Detherage Coal's sole member is a citizen of Kentucky. (*Id.*). L&K is a limited liability company authorized to do business in West Virginia and is conducting business in Kanawha County, West Virginia. (Ex. F, WV Sec. of State Bus.Org. Detail). None of L&K's members are citizens of Kentucky.

### 3. VENUE

Venue is proper in this Court pursuant to 9 U.S.C. § 9 and 28 U.S.C. § 1391. Section 9 of the FAA states that, if the parties do not specify which court may confirm an arbitration award, then "such application may be made to the United States court in and for the district within which such award was made." The parties have not specified which court may confirm the award. (*See,* Ex. A, Coal Sales Agreement). Therefore, because the award was issued following an arbitration held in Charleston, West Virginia, this Court is a proper venue.

### 4. ARBITRATION AWARD

The arbitration award is attached hereto as Exhibit C, along with a declaration from L&K's counsel in the arbitration proceeding authenticating the document. (*See,* Ex. D, Declaration of Rodney A. Smith).

Confirmation of the award is proper. The court's review of the arbitration process is severely limited. *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36-38 (1987); *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998) (noting that scope of review is among the narrowest known at law). On a timely filed motion to confirm a domestic arbitration award with the proper attachments, confirmation of the award is presumed unless there are grounds to modify, correct or vacate the award. 9 U.S.C. §§ 9, 13; *Oakwood Mobile Homes, Inc. v. Stevens*, 204 F. Supp. 2d 947, 950 (S.D. W. Va. 2002) (*citing Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986)). A motion to confirm a domestic arbitration award must be filed within one year after the award is made. 9 U.S.C. § 9. In this case, the award was issued on April 21, 2011, and L&K filed this motion on May 13, 2011. Therefore, this motion is timely filed.

An arbitration award must be confirmed when the parties provided in the arbitration agreement that a judgment will be entered on the arbitration award. 9 U.S.C. § 9. In this case, the parties entered into an arbitration agreement — a copy of which is attached as Exhibit A — that provided that the AAA rules governing commercial disputes would apply to any disputes that arose. AAA Rule R-48(c) provides that "[p]arties to an arbitration under these rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." *See also Rainwater v. Nat'l Home Ins. Co.*, 944 F.2d 190, 193 (4th Cir. 1991) (noting that reference to AAA rules and regulations is sufficient to make arbitration binding). An award was issued on April 21, 2011 and granted a total award of $2,724,719.50 in favor of L&K plus L&K's reasonable attorneys' fees. (Ex. C, p. 6).

There are no grounds for modifying, correcting, or vacating the award in this case, and the arbitration panel's decision and award are correct. *See* 9 U.S.C. § 9. Because this motion, proposed order, and proper attachments have been filed and because there are no grounds for modifying, correcting, or vacating the award, confirming the arbitration award would be proper in this case. *See* 9 U.S.C. §§ 9, 13.

In support of this petition to confirm, L&K includes documents in the appendix attached to the motion, which is incorporated by reference. *See* 9 U.S.C. § 13. The appendix contains the supporting material required pursuant to 9 U.S.C. § 13: (i) the arbitration agreement (Ex. A); (ii) the appointment of the arbitrators (Ex. B); (iii) the arbitration award (Ex. C); and (iv) a declaration authenticating the arbitration award (Ex. D). The appendix also includes documents establishing the citizenship of the parties (Ex. E, F). L&K requests that the court include the documents attached in the appendix with its order confirming the arbitration award.

## 5. Conclusion

For the reasons stated above, L&K asks the court to confirm the domestic arbitration award and enter judgment in accordance with the award.

Respectfully submitted,

LOGAN & KANAWHA COAL CO., LLC
By Counsel

/s/ Rodney A. Smith
Brian A. Glasser (WVSB No. 6597)
Rodney A. Smith (WVSB No. 9750)
Bailey & Glasser, LLP
209 Capitol Street
Charleston, West Virginia 25301
(304) 345-6555 (telephone)
(304) 342-1110 (facsimile)